UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE OF SALINAS CONSTRUCTION, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> WESTERN SURETY COMPANY, et al., <br><br> Defendants. | CASE NO. C14-1963JLR <br><br> ORDER STAYING EXECUTION OF JUDGMENT |

## I.  INTRODUCTION

This matter comes before the court on CJW Construction, Inc. and Western Surety Company's motion to stay execution of the judgment pending the resolution of CJW and Western's yet-unfiled motion for judgment as a matter of law.  (Mot. (Dkt. # 72); *see also* Judgment (Dkt. # 70).)  Salinas Construction, Inc. does not object to the stay, but it asks the court to require CJW to secure the judgment with a bond in the amount of

ORDER- 1

$39,387.00, which represents the portion of the jury verdict for which Western does not share joint liability.  (Resp. (Dkt. # 76) at 1.)  CJW replies that the court need not secure the judgment with a bond, and that if the court does require a bond, it should offset the amount Salinas seeks by the $36,102.92 awarded to CJW.  (Reply (Dkt. # 82) at 2; *see also* Judgment.)  CJW thus argues the appropriate amount for a bond, if any, is $3,284.08.  (Reply at 2.)  Having considered all submissions pertaining to the motion, the balance of the record, and the relevant law, the court GRANTS in part and DENIES in part CJW's motion as described more fully below.

## II.   ANALYSIS

Federal Rule of Civil Procedure 62(a) automatically stays execution of a judgment and proceedings to enforce a judgment for 14 days following entry of the judgment.  Fed. R. Civ. P. 62(a).  That period may be extended under Rule 62(b), which provides that a court "may stay execution of a judgment—or any proceedings to enforce it—pending disposition of" certain post-trial motions.  Fed. R. Civ. P. 62(b).[1]  Such a stay must be "[o]n appropriate terms for the opposing party's security."  *Id.*; *In re Apollo Grp. Inc. Sec. Litig.*, No. CV04-2147-PHX-JATLIT, 2008 WL 410625, at *1 (D. Ariz. Feb. 13, 2008).  All parties agree that a stay is warranted, so the court need only decide whether a bond is appropriate and if so, in what amount.  However, Rule 62(b) does not specify how courts should determine "appropriate terms," and case law on the subject is limited.

---

[1] Motions for judgment as a matter of law are among the qualifying post-trial motions.  Fed. R. Civ. P. 62(b)(1).

ORDER- 2

Given the dearth of case law on Rule 62(b), the court looks to decisions under Rule 62(d), which governs stays pending appeal from monetary judgments, to determine what security is appropriate. Under Rule 62(d), the moving party bears the burden to demonstrate that an unsecured stay is appropriate. *See Poplar Grove Planting & Ref. Co. v. Bache Halse Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) ("If the court chooses to depart from the usual requirement of a full security supersedeas bond . . . , it should place the burden on the moving party to objectively demonstrate the reasons for such a departure."); *see also Fed. Prescription Servs., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760 (D.C. Cir. 1980) ("Because the stay [pending appeal] operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances . . . .").

CJW and Western fail to satisfy their burden of demonstrating that an unsecured stay is appropriate. CJW and Western first point to the "short time needed to dispose of CJW's post-trial motion (approximately one month)." (Mot. at 5.) However, this timeline ignores the period of time that the court requires to issue its ruling. Although the duration of the stay in this case will nonetheless be shorter than the typical stay pending appeal under Rule 62(d), the burden under Rule 62(b) remains on the stay applicant to demonstrate that no security is warranted. Here, the only evidence CJW and Western have submitted is a declaration from Carla Whitehead, the President of CJW, who attests "that CJW can satisfy the judgment against it in this action and that CJW is financially sound." (Whitehead Decl. ¶ 2.) This declaration cuts both ways—it indicates that CJW can satisfy the judgment but also demonstrates the ease with which CJW could secure a

bond for the unsecured amount. (*See id.*; *see also* Resp. at 6.) CJW and Western have failed to demonstrate that no security is warranted because their evidence points in both directions. Furthermore, given the different categories of damages at issue, the joint nature of liability over a large portion of the judgment, and court's current inability to review CJW and Western's unfiled Rule 50(b) motion, the court declines to apply an offset to the secured amount, as CJW and Western request. (*See* Reply at 2.)

### III.   CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part CJW and Western's motion and STAYS execution of the judgment and all proceedings to enforce the judgment ON THE CONDITION that CJW Construction, Inc. posts a supersedeas bond in the amount of $39,387.00 no later than April 20, 2016.

Dated this 12th day of April, 2016.

JAMES L. ROBART
United States District Judge

ORDER- 4