UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE OF SALINAS CONSTRUCTION, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN SURETY COMPANY, et al.,<br><br>Defendants. | CASE NO. C14-1963JLR<br><br>ORDER ON MOTIONS FOR A BILL OF COSTS |

## I.  INTRODUCTION

Before the court are two motions for a bill of costs by (1) Defendants Western Surety Company and CJW Construction, Inc. (CJW Mot. (Dkt. # 111)), and (2) Plaintiff Salinas Construction, Inc., and Counterclaim-Defendant Fidelity and Deposit Company of Maryland (Salinas Mot. (Dkt. # 113)).  Having considered the parties' motions, the

ORDER- 1

briefing filed in opposition thereto and support thereof,[1] the relevant portions of the record, and the applicable law, the court GRANTS in part and DENIES in part CJW and Western's motion and DENIES Salinas and Fidelity's motion.

## II. BACKGROUND & ANALYSIS

In a jury trial lasting from March 14 to March 18, 2016, the parties tried a contract dispute arising out of a construction project at Joint Base Lewis McChord. (See Dkt. ## 60-63, 65.) Salinas, the subcontractor, contended that CJW, the general contractor, breached the parties' contract in three ways: (1) by interfering with and hindering Salinas's performance of its work at the project (the "interference claim"); (2) by requiring Salinas to remove and replace cracked concrete (the "cracked concrete claim"); and (3) by failing to pay Salinas for the extent of its work (the "underpayment claim").[2] (See Verdict Form (Dkt. # 68) at 2; Pretrial Order at 1-2.) Salinas obtained a favorable verdict on its interference claim and its underpayment claim. (See Verdict Form at 2-3.) The jury awarded Salinas $216,300.00 of the $425,388.00 that Salinas sought based on its interference claim and the entire $11,187.00 that Salinas sought based on its underpayment claim. (Id.; Salinas Trial Br. (Dkt. # 47) at 11.) However, on July 7, 2016, the court concluded that Salinas supported its interference claim with insufficient

---

[1] Neither party has requested oral argument, and the court finds it unnecessary to the disposition of this motion. See Local Rules W.D. Wash. LCR 7(b)(4).

[2] Western is CJW's surety on its payment bond associated with the project. (Pretrial Order (Dkt. # 58) at 3.) Fidelity is Salinas's surety on its performance bond. (Id. at 4.) For ease of reference, and because for purposes of this motion each surety is entitled to the same relief as its principal, the court refers principally to the contractors, CJW and Salinas, in deciding this motion.

ORDER- 2

admissible evidence and vacated the jury's award on that claim. (7/7/16 Order (Dkt. # 109).) The final judgment accordingly awards Salinas only $11,187.00 on its underpayment claim. (Am. Judgment (Dkt. # 110).) CJW prevailed at trial on its only counterclaim, and the jury awarded CJW $36,102.92 in damages. (Verdict Form at 4; Am. Judgment at 1.)

A.  **"Prevailing Party"**

The parties now dispute which parties, if any, are the prevailing party for purposes of billing costs. (CJW Mot. at 1 (citing Fed. R. Civ. P. 54(d)(1)); Salinas Mot. at 1 (same).) Rule 54(d)(1) provides:

> Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1). Although the rule creates a presumption favoring granting costs to the prevailing party, "the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, --- U.S. ---, 133 S. Ct. 1166, 1172 (2013).

Rule 54(d), however, provides no guidance on how to determine the prevailing party in instances of a mixed verdict involving counterclaims. *See* Fed. R. Civ. P. 54(d)(1). Here, common sense allows for only one conclusion. CJW completely prevailed over Salinas's $425,388.00 claim, which was the focal point of the trial; Salinas's $108,410.00 cracked concrete claim; and CJW's $36,102.92 counterclaim that

ORDER- 3

Salinas disputed. (*See* Verdict Form; Am. Judgment; Salinas Trial Br. at 11-13.) Salinas, in contrast, prevailed only on its underpayment claim for $11,188.00, which CJW all-but conceded at trial. (Verdict Form at 1.) Salinas sought a total of $544,986.00 from CJW at trial. (Salinas Trial Br. at 13.) Instead, ignoring the sureties' interests and obligations, Salinas owes CJW a net total of $24,915.92. (*See* Am. Judgment.) CJW is the prevailing party.[3]

**B.     Available Costs**

Salinas also contends that even if CJW is the prevailing party, CJW is not entitled to all of the costs it seeks. (Salinas Resp. at 2.) The following types of costs are available to a prevailing party:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. CJW seeks a total of $21,313.51 in costs. (Bill of Costs (Dkt. # 111-1) at 1.) Of that amount, CJW seeks $13,817.01 in "[f]ees for exemplification and

---

[3] Salinas bases its argument that it was the prevailing party on the premise that "the Court's ruling on CJW's [Rule] 50(b) motion was made in error." (Salinas Mot. at 2.) However, Salinas has not appealed this matter, and its deadline to do so has passed. (*See* Am. Judgment at 2 ("Filed this 7th day of July, 2016.")); Fed. R. App. P. 4(a)(1)(A); (*see also* Salinas Reply (Dkt. # 117) at 1 ("Given costliness of appeal and its already depleted litigation funds, Salinas has chosen not to appeal the Court's decision.").) Moreover, Salinas cites no authority for its argument that the jury's verdict should govern post-trial motions even where the court has granted a motion pursuant to Rule 50. The court therefore finds Salinas's argument unpersuasive.

the costs of making copies of any materials where the copies are necessarily obtained for use in the case." (*Id.*); 28 U.S.C. § 1920(4).

Salinas takes issue only with CJW's exemplification and copying costs. (Salinas Resp. at 3-4); *see* 28 U.S.C. § 1920(4). Specifically, Salinas argues that CJW has claimed exemplification and copying costs for preparing discovery productions, quality control of discovery productions, analyzing electronic information, building trial exhibit sets, and conferring with a paralegal. (Salinas Resp. at 3 (citing Bill of Costs at 15-18, 24-25).) According to Salinas, CJW included unrecoverable "intellectual" tasks such as "compil[ing] discovery, prepar[ing] trial exhibits, and conferr[ing] with paralegals" in the exemplification and copying section of its bill of costs. (*Id.* at 4 (citing *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996)).) Furthermore, Salinas argues that CJW failed to segregate recoverable and unrecoverable exemplification and copying costs. (*Id.*) Salinas therefore asks the court to preclude entirely CJW's recovery of exemplification and copying costs. (*Id.*)

Salinas's characterization of CJW's request for exemplification and copying costs is largely inaccurate. First, CJW provided itemized invoices with thorough descriptions to back up their request. (*See* Bill of Costs at 15-27.) Indeed, Salinas based its argument to exclude these costs on those descriptions. (*See* Salinas Resp. at 3-4 (citing Bill of Costs at 15-18, 24-25).) The detailed entries on the invoices belie Salinas's contention that the costs cannot be parsed into recoverable and unrecoverable amounts. Second, the manager of litigation technology at CJW's law firm, who oversees electronically stored information ("ESI") invoicing, has elucidated what the disputed descriptions entail.

ORDER- 5

(Hagen Decl. (Dkt. # 115) ¶ 2.) He confirms that the litigation technology department "does not review files for completeness, privilege, and/or responsiveness prior to production." (*Id.* ¶ 3.) Instead, the department "intake[s] and process[es] electronic and hard copy records, ensure[s] they are text searchable, and load[s] the documents into a review database for improved search capabilities." (*Id.*) These actions are not "intellectual" in the way Salinas argues. The subsequent explanations likewise confirm that the majority of CJW's asserted exemplification and copying costs indeed fit under Section 1920(4), at least as that term has been interpreted in an increasingly digital age. (*Id.* ¶¶ 4-7); *see eBay Inc. v. Kelora Systems, LLC*, No. C 10-4947 CW (LB), 2013 WL 1402736, at *4 (N.D. Cal. Apr. 5, 2013) ("Congress amended section 1920 in 2008 to substitute 'the costs of making copies of any materials' for 'the costs of copies of papers.' That pulled the electronic equivalent of papers into the arena of compensable costs under section 1920(4)."); *see also Split Pivot, Inc. v. Trek Bicycle Corp.*, 154 F. Supp. 3d 769, 780-81 (W.D. Wis. 2015) (allowing e-discovery costs under Section 1920(4) "for Bates stamping, shipping and delivery of electronic documents, native file and email conversion, and TIFF image creation and conversion").

   CJW concedes, however, that one of the costs it initially sought is not recoverable—its ESI team's conference with Ms. Vannoy, who is apparently a paralegal. (CJW Reply (Dkt. # 114) at 3 (citing Bill of Costs at 25).) CJW therefore requests that the court grant its motion but reduce the amount requested by $525.00, which cost compensates the entire time entry containing the conversation with the paralegal. (*Id.*) Although the entirety of the $525.00 need not be excluded, there is no way to allocate the

ORDER- 6

amount into recoverable and unrecoverable sums based on the invoice provided. (See Bill of Costs at 25.) The court therefore concludes that a $525.00 reduction is appropriate, but that the other exemplification and copying costs that CJW seeks are recoverable.[4] Accordingly, the court GRANTS in part CJW and Western's motion subject to this reduction.

### III. CONCLUSION

The court DENIES Salinas and Fidelity's motion (Dkt. # 113), GRANTS in part and DENIES in part CJW and Western's motion (Dkt. # 111), reduces CJW and Western's exemplification and copying costs by $525.00, and AWARDS CJW and Western $20,788.51 in total costs.

Dated this 2nd day of September, 2016.

JAMES L. ROBART
United States District Judge

---

[4] Salinas does not oppose the other categories of costs that CJW seeks, and the court finds those costs recoverable pursuant to Rule 54(d) and 28 U.S.C. § 1920(1)-(3), (5)-(6).

ORDER- 7